UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KONSTANTINOS DIAMANTIS | Crim. No.: 3:25-cr-00029-SRU-1 |

### REVISED PRE-TRIAL ORDER

A pre-trial conference will be held on **April 13, 2026** at **2:00 P.M.** in Courtroom One at the Brien McMahon Federal Building and United States Courthouse. Counsel shall adhere to the trial schedule as set forth below:

1. **MOTIONS AND EVIDENTIARY ISSUES**

    Counsel for the government and the defendants shall file any substantive motions no later than **March 2, 2026**. Any objection to any such motion shall be filed no later than **March 23, 2026**. Any reply shall be filed no later than **April 6, 2026**.

    Motions in limine on any anticipated evidentiary issue shall be filed no later than **March 2, 2026**. Objections to any such motion shall be filed no later than **March 23, 2026**. Any reply shall be filed no later than **April 6, 2026**.

2. **RULE 404(B) EVIDENCE**

    Pursuant to Rule 404(b) of the Federal Rules of Evidence, no later than **March 16, 2026**, the government shall submit, if necessary, notice of any additional "other crimes, wrongs, or acts" evidence that it may introduce during the trial. If there are objections to any area of inquiry identified in the government's supplemental memorandum, counsel for the defendants shall file a motion *in limine* identifying the area of inquiry objected to and the basis for the objection in

accordance with the schedule above. Counsel for the government and the defendants should be prepared to argue any such objections at the pretrial conference.

3. **PROPOSED VOIR DIRE QUESTIONS, CASE STATEMENTS, AND JURY INSTRUCTIONS**

Each party shall file proposed voir dire questions on or before **April 20, 2026**.

The parties shall confer and prepare a brief joint case statement to be read to the jury panel during jury selection. If the parties are unable to agree, each party shall submit their own proposed case statement. Statements of the case shall be filed with the Court no later than **April 20, 2026**. The Court will circulate its own draft statement to counsel by email and will entertain any objections at the pretrial conference.

Each party shall file proposed jury instructions on or before **April 20, 2026**.

4. **PRE-TRIAL CONFERENCE**

As stated above, a pre-trial conference will be held on **April 13, 2026** at **2:00 P.M.** in Courtroom One at the Brien McMahon Federal Building and United States Courthouse. The Court will hear argument on any evidentiary issues, objections to exhibits or witnesses, motions *in limine*, or other matters raised in motions at the conference.

At the conference, the Court will provide counsel with a general overview of the jury selection process and answer any questions counsel may have. The number of peremptory challenges, and the procedure for exercising the peremptory challenges, in accordance with Rule 24(b) and (c) of the Federal Rules of Criminal Procedure, will be determined at the pretrial conference.

5.  **JURY SELECTION**

Jury selection will be held on **April 27, 2026** at **9:00 A.M.** in Courtroom One at the Brien McMahon Federal Building and United States Courthouse. On the date of jury selection, counsel and the defendants are expected to be in the courtroom at **8:30 A.M.** for any pre-jury selection matters that need to be taken up.

6.  **TRIAL SCHEDULE**

The trial is currently scheduled to begin on **April 28, 2026** at **9:00 A.M.** in Courtroom One at the Brien McMahon Federal Building and United States Courthouse and is scheduled to continue each weekday through **May 8, 2026**. Evidence shall begin at **9:00 A.M.** and end by **5:00 P.M.** each day.

Counsel are expected to report to the courtroom no later than **8:30 A.M.** each trial day. If there are any matters that need to be taken up outside the presence of the jury, they will be taken up at that time. Counsel are encouraged to provide chambers advance notice if they wish to take something up outside the presence of the jury before evidence begins for the day. If there are no matters to take up in the morning, evidence will commence at **9:00 A.M.**

Trial dates are subject to reasonable adjustment by the Court, and counsel should be prepared accordingly. Counsel should be aware that, due to a recurring conflict, trial will adjourn at 3:00 P.M. on Wednesdays.

The Court intends for all trial testimony to be presented without interruption, excluding recesses. The Court expects to hear argument on issues that are raised during the trial only in advance of the start of evidence, at the end of evidence, or at the beginning of any recesses. Arguments on such issues will not be entertained at the end of a recess or during testimony.

Counsel are advised that the Court does not intend to hold bench or chambers conferences during the trial day, and seeks to limit sidebar conferences.

## 7. WITNESSES

Counsel for the government shall provide counsel for the defendants with a witness list no later than **April 6, 2026**, if it has not already done so. The government will be expected to make a showing of good cause for any late notice of its intention to call additional or substituted witnesses who are not included on its final witness list. Any reverse disclosure material shall also be provided by the defendants by **April 6, 2026**.

If a party intends to proffer any expert testimony, that party must by **March 16, 2026** set forth the area of the expert's expertise, the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Attach a copy of the expert's curriculum vitae. If there is an objection to an expert, including under *Daubert* or Rule 702 of the Federal Rules of Evidence, the opposing party must make a motion to preclude such expert no later than **March 30, 2026**, in accordance with the motion schedule above.

## 8. EXHIBITS

No later than **April 20, 2026**, counsel for the government shall provide the Court and the defendants with a list of exhibits that they expect to present at trial. This list shall include a brief description of each exhibit and provide indication of which exhibits the government: (a) intends to offer at trial; (b) may offer at trial if the need arises, and (c) intends to use for identification purposes only. Exhibits not listed will not be admitted at trial except for good cause shown.

Copies of all exhibits shall be exchanged between the parties no later than **fourteen (14)** calendar days prior to the start of trial. At least **seven (7)** calendar days prior to the start of trial, the parties shall jointly file a list of exhibits to which there is no objection. At least **three (3)**

**calendar** days prior to the start of trial, each party shall submit the following to the Courtroom Deputy:

1) An original set of exhibits (in three-ring binders, pre-marked with identifying exhibit tags, and organized sequentially with numerical divider tabs);

2) Two complete copies of exhibits (in three-ring binders, pre-marked with identifying exhibit tags, and organized sequentially with numerical divider tabs);

3) Electronic copies of all exhibits shall be submitted as follows:

    a. <u>Audio/Video Exhibits</u>: Pursuant to the Standing Order Regarding Submission of Audio and/or Video Content dated September 17, 2025, audio or video exhibits shall be submitted to the Court via an external source. To submit audio/video exhibits, counsel shall contact Contact_Us@ctd.uscourts.gov to request a link to Box.com. Counsel will submit any audio/video exhibits through the provided Box.com link. More information can be found at: https://ctd.uscourts.gov/sites/default/files/adminOrdersOCR/25-18_Standing-Order-Re-Audio-and-Video-Content.pdf

    b. <u>All other exhibits</u>, excluding any audio/video exhibits or physical exhibits, shall be saved onto a flash drive or CD and submitted to the Courtroom Deputy. Please note that these electronic files must be saved using the **File Naming Method** pursuant to the Jury Evidence Recording System (JERS) requirements. More information can be found at: http://ctd.uscourts.gov/jury-evidence-recording-system-jers.

Counsel shall confer and coordinate the marking of all exhibits they intend to offer at trial to ensure that exhibit numbers are not duplicated. Counsel shall pre-mark their exhibits in the order that they are likely to be offered, to the extent practicable, and affix exhibit tags to each. Exhibit tags can be provided by the Clerk's Office upon request.

Government exhibits shall be marked numerically, beginning at "1" (e.g., "Government's Exhibit 1"). Defendant's exhibits shall be marked either numerically, beginning at a number significantly higher than the last number used by the government, or they may be marked alphabetically (e.g., "Defendant's Exhibit 500" or "Defendant's Exhibit A").

Following the conclusion of evidence, counsel will be required to provide the Courtroom Deputy with an updated flash drive or CD containing electronic copies of all final exhibits fully admitted at trial. Any exhibits used for identification only or any exhibits that were not offered at trial shall not be included. Only fully admitted exhibits will be provided to the jury for use during deliberations.

For proper electronic file naming conventions and further information regarding electronic exhibits, counsel shall refer to the Jury Evidence Recording System (JERS) requirements at: http://ctd.uscourts.gov/jury-evidence-recording-system-jers. This link can also be accessed via the District of Connecticut website under "For Attorneys/Courtroom Technology/Jury Evidence Recording System (JERS)."

Any party wishing to be exempt from using JERS when presenting evidence during trial must file a motion to that effect.

## 9. STIPULATIONS

The parties shall file a joint list of stipulated facts (if any) in a form to be read to the jury no later than **April 23, 2026**.

**10. <u>CHARGE CONFERENCE, JURY INSTRUCTIONS, AND VERDICT FORMS</u>**

A charge conference will be held with counsel before the close of evidence. The defendants are not required to attend this conference. As noted above, the parties shall submit their proposed jury instructions before the start of trial.

Prior to the charge conference, the Court will provide the parties with its draft of the jury instructions.

Counsel shall be prepared to argue any objections to the jury instructions at the charge conference, cite supporting authorities, and provide any alternative instruction counsel considers more appropriate in light of the supporting authorities cited.

Prior to the charge conference, the Court will also provide counsel with a proposed verdict form. The parties will have the opportunity to submit proposed modifications to the verdict form and any objections or arguments shall be taken up at the charge conference.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 21st day of January 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge